| | | |
|---|---|---|
| IN RE:<br>Gary Kevin Coats<br>    Debtor | | Bankruptcy Case No.:<br>09-01032-ATS |
| Toler Ratledge<br>    Plaintiff | **FILED**<br>SEP 1 5 2009<br>U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF N.C | Adversary Proceeding No.:<br>09-00141-8-RDD |
| v | | |
| Gary Kevin Coats<br>    Defendant | | PRETRIAL CONFERENCE REPORT |

Defendant hereby notifies the court of Defendant's position on the issues to be discussed at the pretrial conference:

1.     The issues raised by the pleadings: the Defendant did not commit fraud against the Plaintiff. The Plaintiff had multiple opportunities to examine the car prior to purchase. Defendant has no legal obligation to inform Plaintiff that the car had been repainted. Defendant provided Plaintiff with accurate DMV forms, including a damage disclosure and actual mileage representation. Defendant has provided the Plaintiff with the signed and notarized title.

2.     Issue concerning jurisdiction: the Defendant agrees that the Bankruptcy Court has jurisdiction over this issue.

3.     28 U.S.C 175 c (2): the Defendant is open to the case being heard by either a Bankruptcy Judge or a District Court Judge.

4.     Disposition of pending motion: The Defendant is unaware of any pending motions.

5.     Other motions and discovery: The Defendant would propose the parties have had ample time and opportunity for discover.

6.     Rule 26 (a) (1): The Defendant has responded to the Plaintiff's Interrogatories in the District Court case. Most of the same information will be replicated in Defendant's Adversary Proceeding case.

7.     Time needed for Discovery: The Defendant would propose that the parites have no more than an additional 60 days for discovery.

8.     Changes to Discovery Limitations: The Defendant

9.     Expert Witnesses: The Defendant plans to call several expert witnesses who will testify as to the insignificant reduction in value caused by the act of repainting an

automobile and the automobile that is the subject of this case, specifically.

10.     Jury Trial: In Defendant's Answer to Plaintiff's Adversary Proceeding, Defendant has requested a trial by jury.

11.     Settlement Discussions: The Defendant has not participated in any settlement discussions. The Defendant would propose that the Plaintiff had a responsibility to act to prevent additional loss and would propose that in the event liability is found against the Defendant that the Plaintiff be held to no more than $5,000 in actual damages. $5,000 represents the maximum difference, based on Defendant's experts who will testify, between the selling price of the car and the actual wholesale/auction value at the time of the transaction. Had the Plaintiff auctioned the car, without disclosure of any condition problems that might exist, Plaintiff's actual damages would have been limited to $5,000. There is no reasonable basis for Plaintiff to expect actual damages in the full amount of the sales price, when the Plaintiff has the car, which has intrinsic value, and the title, and the means to dispose of it.

12.     Mediation / Arbitration: The Defendant has not been asked to submit to mediation or arbitration. The Defendant would be open to such proceedings and would prefer binding mediation to voluntary arbitration.

13.     Additional Pretrial Conferences: The Defendant, at this time, cannot see the need for additional pretrial conferences.

14.     Witness Testimony by Video: The Defendant has no witness who will be unable to appear in person.

Respectfully submitted this the 10th day of September, 2009.

_____
Kevin Coats,
Defendant, Pro Se
3753 Blue Ridge Road,
Raleigh, NC  27612

## CERTIFICATE OF SERVICE

I, Gary Kevin Coats, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on __9/10/09__, I served a copy of the Answer, by first-class mail, postage prepaid, upon the following parties:

Clerk of the Bankruptcy Court
1760-A Parkwood Blvd.
Wilson, NC  27893


_____
Gary Kevin Coats